IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY, | ) ) ) | CASE NO. 1:25-CV-00683 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| Vs. | ) ) ) | **DEFENDANT DENISE** |
| DENISE GAWAJEK, et al., | ) ) | **GAWELEK'S RESPONSE TO THE CROSS-CLAIM OF** |
| Defendants. | ) ) | **DEFENDANT LORETTA SCHMIDT** |

NOW COMES Defendant DENISE GAWELEK ("Defendant"), incorrectly referred to as "Denise Gawalek", by and through her undersigned counsel, and respectfully submits her Response to the Cross-Claim ("the Complaint") filed by Defendant/Cross-Claimant LORETTA SCHMIDT ("Cross-Claimant"). For her Response to the Cross-Claim, Defendant alleges, states and avers as follows:

1. Defendant admits that Plaintiff issued a life insurance annuity to Decedent known as Policy Number 02204119079, that the amount of insurance to be paid upon Decedent's death was at least $219,729.34, and that the Annuity is attached as Exhibit "A" to the Complaint. Defendant denies the remaining allegations set forth in paragraph 1 of the Cross-Claim.

2. Defendant admits that a Change of Beneficiary Form related to the Annuity and dated December 7, 2023 is attached as Exhibit F to the Complaint. Defendant is without knowledge or information sufficient to form a belief about the truth of the

1

remaining allegations set forth in paragraph 2 of the Cross-Claim, and therefore denies those allegations.

3. As previously stated, a copy of the Change of Beneficiary Form related to the Annuity is attached as Exhibit F to the Complaint. The Change of Beneficiary Form states what it states. As to the remaining allegations set forth in paragraph 3 of the Cross-Claim, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

4. Defendant admits the allegations set forth in paragraph 4 of the Cross-Claim.

## COUNT ONE

## (Declaratory Judgment Under 28 U.S.C. § 2201)

5. Defendant incorporates by reference her response to paragraphs 1 through 4 of the Cross-Claim as if fully restated herein as, and for, her response to the allegations stated in paragraph 5 of Cross-Claim.

6. Defendant admits the allegations set forth in paragraph 6 of the Cross-Claim.

7. Defendant admits that Cross-Claimant seeks the declaration stated in paragraph 7 of the Cross-Claim, but denies that Cross-Claimant is entitled to such relief.

## COUNT TWO

## (Judgment for Interpleaded Funds)

8. Defendant incorporates by reference her response to paragraphs 1 through 7 of the Cross-Claim as if fully restated herein as, and for, her response to the allegations stated in paragraph 8 of Cross-Claim.

9. Defendant admits that Cross-Claimant is entitled recover whatever legitimate interest she has, if any, in the Disputed Property, but denies the remaining allegations set forth in paragraph 9 of the Cross-Claim.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

A. The Cross-Claim fails, in whole or in part, to state a claim against Defendant upon which relief can be granted.

B. This Court lacks subject matter jurisdiction over the Cross-Claim until such time as Plaintiff either deposits the Disputed Property with the Clerk of this Court, or posts a bond therefore in whatever manner ordered by the Court.

C. Defendant reserves the right to raise additional defenses and/or affirmative defenses as they may be identified through the course of discovery and these proceedings.

## **REQUEST FOR RELIEF**

WHEREFORE, having fully answered, Defendant Denise Gawelek prays that:

A. Her claim as a beneficiary be established at twenty percent (20%) of the value of the Annuity, but in no event less than ten percent (10%) of the value of the Annuity;

B. That the subject Disputed Property be protected as provided by law;

C. That Defendant be awarded such further relief that she may be entitled to, whether at law or in equity, including any unpaid amounts due arising during the pendency of this action as the Court deems just and proper; and

D. In all other respects, that Defendant has no personal liability to Cross-Claimant with regard to the Subject Property and that she goes free from any liability or debt to Cross-Claimant or any other party.

Respectfully submitted,

KRUEGER AND VALENTE LAW, LLC

<u>*/s/ Jeffrey W. Krueger*</u>
Jeffrey W. Krueger (Bar No. 0030093)
Email: JWKrueger@KandV-Law.com
11925 Pearl Road, Suite 201
Strongsville, Ohio 44136
Telephone: (440) 732-2100
Fax: (440) 740-8800

*Counsel for Defendant Denise Gawelek*

4

## CERTIFICATE OF SERVICE

    A copy of the foregoing *Response of Defendant Denise Gawelek to the Cross-Claim of Defendant Loretta Schmidt* has been served upon counsel for the parties who have entered an appearance through the Court's electronic filing system, and by regular U.S. mail, postage prepaid, on the remaining parties identified on the attached Service List on May 21, 2025.

Respectfully submitted,

KRUEGER AND VALENTE LAW, LLC

*/s/ Jeffrey W. Krueger*
Jeffrey W. Krueger (Bar No. 0030093)
Email:  JWKrueger@KandV-Law.com
11925 Pearl Road, Suite 201
Strongsville, Ohio 44136
Telephone: (440) 732-2100
Fax: (440) 740-8800

*Counsel for Defendant Timothy M. Kightlinger*

# SERVICE LIST

## CASE NO. 1:25-CV-00683
## ATLANTIC COAST LIFE INS. CO. vs. GAWELEK, ET AL.

| Case Parties | |
|---|---|
| KELLY A. HESKETH<br>1010 RIVERWALK DRIVE<br>SIMPSONVILLE, SC 29681 | KELLY A. HESKETH<br>1010 RIVERWALK DRIVE<br>SIMPSONVILLE, SC 29681<br><br>Executor of the Estate of Kenneth H. Schmidt, Deceased |
| JEFFERY K. SCHMIDT<br>7620 THOMPSON ROAD<br>CINCINNATI, OH 45247 | KERRI A. SCHMIDT<br>3940 MACK ROAD<br>FAIRFIELD, OH 45014 |
| | |