# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY J. | ) ) | CASE NO. 1:25-CV-00683 |
| Plaintiff, | ) ) ) | JUDGE: DAVID A. RUIZ MAGISTRATE: |
| vs. | ) ) | |
| DENISE GAWAJEK, et al., | ) ) | |
| Defendants. | | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS KERRI SCHMIDT, KELLY S. HESKETH, AND JEFFREY K. SCHMIDT TO PLAINTIFFS COMPLAINT AND ANSWER TO CROSSCLAIM OF DEFENDANT LORETTA SCHMIDT

COME NOW Defendants KERRI SCHMIDT, JEFFREY K. SCHMIDT, and KELLY S. HESKETH, individually and as the Executor of the Estate of Kenneth H. Schmidt ("Answering Defendants") by and through the undersigned counsel, and respectfully submit their Answer to Plaintiff's Interpleader Complaint ("the Complaint") as follows:

1.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and therefore deny same.

2.      Answering Defendants admit the allegations set forth in paragraph 2 of the Complaint.

3.      Answering Defendants admit the allegations set forth in paragraph 3 of the Complaint.

**Exhibit A**

1

4.      Answering Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5.      Answering Defendants admit the allegations set forth in paragraph 5 of the Complaint.

6.      Answering Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7.      Answering Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8.      Paragraph 8 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants Deny same.

9.      Paragraph 9 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants Deny same.

10.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore deny same.

11.      Answering Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint that Plaintiff had issued to the decedent a life insurance annuity with a value of at least $219,729.34.  Answering Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 11 of the Complaint and therefore deny same.

12.      Answering Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13.     Answering Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14.     Answering Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and therefore deny same.

16.     Answering Defendants admit the allegations set forth in paragraph 16 of the Complaint.

17.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and therefore deny same.

18.     Answering Defendants admit the allegations set forth in paragraph 18 of the Complaint.

19.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and therefore deny same.

20.     Answering Defendants admit the allegations set forth in paragraph 20 of the Complaint.

21.     Answering Defendants admit the allegations set forth in paragraph 21 of the Complaint.

22.     Answering Defendants admit the allegations set forth in paragraph 22 of the Complaint.

## ANSWER TO COUNT I

23.     In response to the allegations contained in paragraph 23 of Plaintiff's Complaint, Answering Defendants incorporate as if fully restated herein their answers to all preceding paragraphs.

24.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and therefore deny same.

25.     Answering Defendants admit only the allegations in Paragraph 25 of the Complaint that each claim an interest in the "Disputed Property." Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint and therefore deny same.

26.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and therefore deny same.

27.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and therefore deny same.

**WHEREFORE**, having fully answered, Defendants Kerri Schmidt, Kelly S. Hesketh and Jeffrey K. Schmidt pray that:

A.     Their claim to the Disputed Funds be confirmed pursuant to the beneficiary designation executed by Decedent at the time of initial Application April 22, 2022;

B.     That the Change of Beneficiary Form purportedly executed December 7, 2023, be declared null and void as the product of fraud, forgery or undue influence;

C.    That Defendant Lorretta Schmidt take nothing thereby;

D.    That Answering Defendants be awarded such further relief that they may be entitled to at law or in equity.

.    .    .    .    .    .    .

## ANSWER TO CROSSCLAIM OF DEFENDANT LORETTA SCHMIDT

COMES NOW Defendants KERRI SCHMIDT, JEFFREY K. SCHMIDT, and KELLY S. HESKETH, individually and as the Executor of the Estate of Kenneth H. Schmidt ("Answering Defendants") by and through the undersigned counsel, and respectfully submit their Answer to Defendant's Crossclaim as follows:

1.    Answering Defendants admit the allegations set forth in paragraph 1 of the Crossclaim.

2.    Answering Defendants deny the allegations set forth in paragraph 2 of the Crossclaim.

3.    Answering Defendants deny the allegations set forth in paragraph 3 of the Crossclaim.

4.    Answering Defendants admit the allegations set forth in paragraph 4 of the Crossclaim.

## ANSWER TO COUNT I OF CROSSCLAIM

5.    In response to the allegations contained in paragraph 5 of the Crossclaim, Answering Defendants incorporate as if fully restated herein their answers to all preceding paragraphs.

6.    Answering Defendants admit the allegations set forth in paragraph 6 of the Crossclaim.

7.      Paragraph 7 of the Crossclaim states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants Deny same.

## ANSWER TO COUNT II OF CROSSCLAIM

8.      In response to the allegations contained in paragraph 8 of the Crossclaim, Answering Defendants incorporate as if fully restated herein their answers to all preceding paragraphs.

9.      Answering Defendants deny the allegations set forth in paragraph 9 of the Crossclaim.

**WHEREFORE**, having fully answered Defendant Loretta Schmidt's Crossclaim, Defendants Kerri Schmidt, Kelly S. Hesketh and Jeffrey K. Schmidt pray that:

A.      Their claim to the Disputed Funds be confirmed pursuant to the beneficiary designation executed by Decedent at the time of initial Application April 22, 2022;

B.      That the Change of Beneficiary Form purportedly executed December 7, 2023, be declared null and void as the product of fraud, forgery or undue influence;

C.      That Defendant Lorretta Schmidt take nothing thereby;

D.      That Answering Defendants be awarded such further relief that they may be entitled to at law or in equity.

Respectfully submitted,

*/s/  Christopher J. Mulvaney*
Christopher J. Mulvaney (068517)
THE MULVANEY FIRM, LLC
8190- A Beechmont Ave., Suite 323
Cincinnati, OH 45255
Tel: (513) 300 3480
CMulvaney@mulvaneylegal.com
***Attorney for Defendants Kerri Schmidt, Kelly S.
Hesketh and Jeffrey K. Schmidt***

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via ECF, email and/or regular mail upon the following June 6, 2025:

Barry Y. Freeman
**ROETZEL & ANDRESS, LPA**
1375 E. 9th Street, 10th Floor
Cleveland, OH 44114
Telephone: (216) 623-0150
Facsimile: (216) 623-0134
Email: bfreeman@ralaw.com

Jillian J. Jewett
**ROETZEL & ANDRESS, LPA**
222 S. Main Street, Suite 400
Akron, OH 44308
Telephone: (330) 434-7085
Facsimile: (330) 376-4577
Email: jjewett@ralaw.com
*Counsel for Plaintiff*

Jeffrey W. Krueger
11925 Pearl Road, Suite 201
Strongsville, Ohio 44136
Telephone: (440) 732-2100
Fax: (440) 740-8800
JWKrueger@KandV-Law.com
*Attorneys for Defendant Denise Gawelek*

Jeffrey M. Nye (0082247)
SSP LAW Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Tel. (513) 533-6714
Fax (513) 533-2999
jmn@sspfirm.com
*Attorney for Defendant Loretta A. Schmidt*

/s/  *Christopher J. Mulvaney*
Christopher J. Mulvaney (068517)