I, Briana Isbell, pursuant to 28 U.S.C § 1746, hereby declare as follows:

1. I am the Director of Compliance for Atlantic Coast Life Insurance Company ("Atlantic Coast"), the Plaintiff in the above-referenced action, and Atlantic Coast's affiliates. I make this Declaration based on my own personal knowledge of the matters set forth herein and in support of a Motion filed by Sentinel in this action.

2. If called as a witness in this case, I could and would testify as follows:

3. I have worked in the Compliance Department of Atlantic Coast and its affiliates since 2019, served as a Compliance Analyst from 2019 to 2025, and have served as the Director of Compliance for Atlantic Coast and its affiliates since May 1, 2025. As a Compliance Analyst and as Director of Compliance, I am familiar with the policies issued by Atlantic Coast as well as the books and records relating to the policies issued by Atlantic Coast. I am familiar with and have reviewed Atlantic Coast Accumulation Protector Plus Annuity Contract No. 02204119079 issued to Mr. Kenneth H. Schmidt on or about May 11, 2022 (the "Annuity Contract"), as well as the books and records relating to the calculation of the Accumulation Value of the Annuity Contract and the Death Benefits payable under such Annuity Contract. A true and correct copy of the Annuity Contract is attached to this Declaration as Exhibit 1.

4. Atlantic Coast through its counsel on or about May 12, 2025, filed a Motion for Order of Deposit and Investment of Interpleader Funds seeking permission to interplead the amount of $219,729.34 as the Death Benefits payable under the Annuity Contract upon the December 15, 2024, death of the owner and annuitant, Mr. Kenneth Schmidt. Unfortunately, the amount of Death Benefits payable under the Annuity Contract was not correctly communicated to counsel and the figure of $219,729.34 represented only the single premium paid by Mr. Schmidt for the Annuity Contract. It did not reflect interest and other amounts credited to the Annuity Contract during the lifetime of Mr. Schmidt and did not correctly reflect withdrawals and fees deducted from the Annuity Contract. As more fully described in this Declaration, the correct amount of Death Benefits payable to Mr. Schmidt is $206,029.06.

5. The Annuity Contract was issued to Mr. Schmidt effective May 11, 2022. Mr. Schmidt on or before that date remitted to Atlantic Coast the sum of $219,729.34 as the "Purchase Premium" for the Annuity Contract. The Annity Contract purchased by Mr Schmidt included a "Premium Bonus" of $10,986.47 that was included in the Initial Accumulation Value of the Annuity Contract, but which was subject to the following Premium Bonus Vesting Schedule:

| PREMIUM BONUS VESTING SCHEDULE | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Contract Year | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11+ |
| Vesting % | 0% | 10% | 20% | 30% | 40% | 50% | 60% | 70% | 80% | 90% | 100% |

Pursuant to the Annuity Contract, upon death of the annuitant, the Nonvested Premium Bonus Amount (if any) is deducted from the Accumulation Value of the Annuity Contract to determine the Death Benefits. The Death Benefit under the Annuity Contract is equal to the greater of the Vested Value (Accumulation Value less Nonvested Premium Bonus Amount) or the Minimum Guaranteed Surrender Value at death.

      6.      Mr. Schmidt in connection with the Annuity Contract also purchased a "Rate Enhancement Rider" to such Annuity Contract that provided for a Rate Enhancement Benefit in the form of an increase to the Participation Rate and Interest Rate to the Annuity Contract. The Rate Enhancement Rider was subject to an annual Cost of Benefit fee that was applied on each Contract Anniversary of the Annuity Contract, with a final Cost of Benefit charge being deducted from the amounts payable at death.

      7.      Because of his age (84) at issuance of the Annuity Contract, Mr. Schmidt was required during his lifetime to take "Required Minimum Distributions" from his Annuity Contract, as detailed below in this Declaration. These Required Minimum Distributions reduced the Accumulation Value of this Annuity Contract, which in turn affected the Death Benefit payable under the Annuity Contract.

      8.      Below is a summary of the Death Benefit Calculation (the greater of the Vested Value or Minimum Guaranteed Surrender Value) under the Annuity Contract:

| Description | Date | Amount/Value | Accumulation Value |
|---|---|---|---|
| Purchase Premium | 5/11/2022 | $219,729.34 | $219,729.34 |
| Plus Premium Bonus | 5/11/2022 | $10,986.47 | $230,715.81 |
| Plus Interest credited to Accumulation Value each | 5/11/2023<br>5/112024 | $15,762.07 | $246,477.88 |

| Contract Anniversary | | | |
|---|---|---|---|
| Less Withdrawals (Required Minimum Distributions) | 12/15/2023<br>12/12/2023 | ($13,733.08)<br>($13,648.76) | $219,096.04 |
| Less Cost of Benefit Fees under Rate Enhancement Rider | 5/11/2023<br>5/11/2024 | ($4,396.72) | $214,699.32 |
| Loss Cost of Benefit Fees upon death under Rate Enhancement Rider | | (2,039.64) | $212,659.68- Accumulation Value at death |
| Less Non Vested Premium Bonus per vesting schedule (Premium Bonus was 20% vested at death) | 12/14/2024 | ($7,829.08) | $204,830.60 Vested Value (Accumulation Value less Non-Vested Premium Bonus) |
| Plus excess interest | | $1,198.46 | $206,029.26 Final Vested Value |

Because the final Vested Value is more than the Minimum Guaranteed Surrender Value ($192,239.96), the Death Benefit under the Annuity Contract is $206,029.26.

       9.      On or about July 30, 2025, Atlantic Coast remitted $206,029.26 to the Clerk of the District Court.

       10.     I declare under penalty of perjury of the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

      Dated this 7th day of August, 2025 at Salt Lake City, Salt Lake County, Utah

_Briana Isbell_
_____
Briana Isbell
Declarant