IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY, | ) ) ) | CASE NO. 1:25-CV-00683 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| Vs. | ) ) | |
| DENISE GAWAJEK, et al., | ) ) ) | **MOTION OF DEFENDANTS KERRI SCHMIDT, KELLY S. HESKETH, AND JEFFREY K. SCHMIDT TO TRANSFER VENUE** |
| Defendants. | ) ) | |

COME NOW Defendants KERRI SCHMIDT, JEFFREY K. SCHMIDT, and KELLY S. HESKETH, ("Moving Defendants") by and through the undersigned counsel, and respectfully move to transfer the action to the United States District Court for the Southern District of Ohio pursuant to 28 U.S. Code § 1404(a). Through counsel, Plaintiff Atlantic Coast Life Insurance Company, and Defendant Loretta Schmidt have advised movants that they do not oppose this motion.

Plaintiff Atlantic Coast Life Insurance Company filed the within action to interplead funds payable pursuant to a life insurance annuity purchased by Decedent Kenneth H. Schmidt. The amount payable is $219,729.34. Atlantic Coast is a South Carolina company with its principal place of business in Charleston, South Carolina, but filed the within action in the U.S. District Court, Northern District of Ohio because one or more of defendants reside in this jurisdiction.

On or about July 10, 2025 the court accepted the interplead funds, effectively ending Plaintiff Atlantic Coast's involvement in the litigation. The remaining issue to be resolved via this litigation is the appropriate distribution of the annuity funds. Via the pleadings filed to date, the position of the defendants appears to be as follows: Defendant Loretta Schmidt seeks distribution

1

consistent with a Change of Beneficiary Form purportedly executed December 7, 2023. That form provided for the following distributions:

   (1) 50% to Defendant Loretta A. Schmidt, decedent's former spouse;

   (2) 10% to Defendant Denise Gawejek, Decedent's daughter;

   (3) 10% to Defendant Jeff Schmidt, Decedent's son.

The Change of Beneficiary Form also listed the following contingent beneficiaries with respective interests:

   (1) 10% to Defendant Kelly Hesketh, Decedent's daughter; and

   (2) 20% to Defendant Kerri A. Schmidt, Decedent's daughter.

Conversely, Defendants Kerri Schmidt, Kelly S. Hesketh, Jeffrey K. Schmidt and Denise Gawelek, through their respective counsel, pray that the change of beneficiary form purportedly executed December 7, 2023, be declared null and void as the product of fraud, forgery or undue influence, and that the funds be distributed pursuant to the original beneficiary designation executed April 22, 2022. That beneficiary designation provides for the following distributions:

   (1) 20% to Defendant Denise Gawejek;

   (2) 20% to Defendant Jeff K. Schmidt;

   (3) 20% to Defendant Kelly A. Hesketh;

   (4) 40% to Defendant Kerri A. Schmidt.

In addition to potential issues of fraud and undue influence, this litigation involves the capacity of Decedent Kenneth Schmidt to execute beneficiary designation forms in April 2022 and December 2023. In 2017 Defendant Jeffrey K. Schmidt was appointed the guardian of his father Kenneth Schmidt due to the latter being diagnosed with Alzheimer's disease. (Hamilton County Probate Court, Judge Ralph Winkler; Case No. 2017001567). The guardianship was terminated February 26, 2021.  However, the physical and mental state of Kenneth Schmidt at or near the time of executing the beneficiary designations is very much at issue in this litigation. It is believed each of Decedent's medical providers, who possess evidence of Kenneth Schmidt's mental and physical condition, are all located within the greater Cincinnati area where Kenneth Schmidt resided.

Additionally, Defendants Kerri Schmidt, Kelly S. Hesketh, Jeffrey K. Schmidt and Loretta Schmidt all reside in or near Cincinnati Ohio, and within the jurisdiction of the United States District Court, Southern District of Ohio. At present, it is believed the only party/witness with any connection to the Northern District of Ohio is defendant Denise Gawelek, who resides in Brunswick, Ohio.

While venue for the complaint was technically appropriate in the Northern District of Ohio, moving Defendants suggest it is not the appropriate forum consistent with the doctrine of *forum non conveniens*. Given that all but one defendant resides in or near Cincinnati, and given that virtually all fact witnesses, medical and otherwise, reside in or near Cincinnati, it is both impractical and inconvenient for this matter to be litigated in the United States District Court, Northern District of Ohio. This is particularly true for any hearing and/or trial at which the parties and their witnesses would need to be present. 28 U.S. Code Section 1404(a) "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper". Specifically, 28 U.S. Code § 1404(a) provides, **"**For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." While the power of the court to transfer is limited to those districts or divisions where the case "might have been brought," there appears to be no dispute that all defendants in this litigation are subject to the jurisdiction of the US District Court, Southern District of Ohio, just as they are in the Northern District.

One of the most important factors to be considered, is that of convenience of the witnesses. Specifically, the issue is the "nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify." See *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1051 (N.D. Ill. 1982); *Schmidt v. Leader Dogs for the Blind, Inc.*, 544 F. Supp. 42, 48 (E.D. Pa. 1982); *Capitol Cabinet Corp. v. Interior Dynamics*, Ltd., 541 F. Supp. 588, 591 (S.D.N.Y. 1982). While each of the parties to this litigation can be compelled to testify within their state of residence (Ohio), the nonparty witnesses residing in or near Cincinnati Ohio are not subject

3

to a subpoena to testify in Cleveland, Ohio, being more than 100 miles from the residence or place of business.  Thus, the trial of this matter in the US District Court, ND of Ohio would be inconvenient and impractical for the parties and the anticipated witnesses.

Wherefore, for the convenience of the parties and anticipated witnesses, Defendants Kerri Schmidt, Jeffrey Schmidt and Kelley S. Hesketh respectfully request that this matter be transferred to the United States District Court, Southern District of Ohio- Cincinnati.

Respectfully submitted,

*/s/ Christopher J. Mulvaney*
Christopher J. Mulvaney
THE MULVANEY FIRM, LLC
8190- A Beechmont Ave., Suite 323
Cincinnati, OH 45255
Tel: (513) 300 3480
CMulvaney@mulvaneylegal.com
***Attorney for Defendants Kerri Schmidt, Kelly S. Hesketh and Jeffrey K. Schmidt***

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via ECF, email and/or regular mail upon the following August 20, 2025:

Barry Y. Freeman
**ROETZEL & ANDRESS, LPA**
1375 E. 9th Street, 10th Floor
Cleveland, OH 44114
Telephone: (216) 623-0150
Facsimile: (216) 623-0134
Email: bfreeman@ralaw.com

Jillian J. Jewett
**ROETZEL & ANDRESS, LPA**
222 S. Main Street, Suite 400
Akron, OH 44308
Telephone: (330) 434-7085
Facsimile: (330) 376-4577

Email: jjewett@ralaw.com
*Attorneys for Plaintiff*

Jeffrey W. Krueger
11925 Pearl Road, Suite 201
Strongsville, Ohio 44136
Telephone: (440) 732-2100
Fax: (440) 740-8800
JWKrueger@KandV-Law.com
*Attorneys for Defendant Denise Gawelek*

Jeffrey M. Nye
SSP Law Co., L.P.A.
7373 Beechmont Avenue
Cincinnati, Ohio 45230
Direct Dial: 513.533.6714
Main Fax: 513.533.2999
jmn@sspfirm.com
*Attorneys for Defendant Loretta Schmidt*