UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY, | ) CASE NO. 1:25-cv-683 )  ) JUDGE DAVID A. RUIZ |
| Plaintiff, | ) )  |
| v. | ) TRANSFER ORDER )  |
| DENISE GAWELEK, *et al.*, | ) )  |
| Defendants. | ) |

On April 7, 2025, Plaintiff Atlantic Coast Life Insurance Company filed an Interpleader Complaint against Defendants Denise Gawelek, Kelly A. Hesketh, Jeff K. Schmidt, Kerri A. Schmidt, and Loretta A. Schmidt. (R. 1). Plaintiff had issued a life insurance policy to Decedent Kenneth H. Schmidt.[1] (R. 1, PageID# 3, ¶10). To put it succinctly, the present action was initiated to determine who should receive the Decedent's life insurance proceeds. Plaintiff has already deposited the funds into interest-bearing Government Account Series securities via the Court Registry Investment System (CRIS) administered by the Administrative Office of the United States Courts. (R. 9). This case involves a classic dispute over which designation of beneficiary form applies, one dated April 22, 2022, or a subsequent one dated December 7, 2023. (R. 1, PageID# 3-4, ¶¶16-17).

---

[1] According to the Complaint, Decedent had been declared an incompetent person by virtue of Alzheimer's between May 4, 2017, and February 6, 2021, when a court-appointed guardianship was terminated by the probate court in Hamilton County, Ohio, which is located in the Southern District of Ohio's territory. (R. 1, PageID# 3, ¶¶12-15).

1

On August 20, 2025, Defendants Kerri Schmidt, Kelly S. Hesketh, and Jeffrey K. Schmidt, through counsel, filed a Motion to Transfer the instant action to the United States District Court for the Southern District of Ohio. (R. 12). These Defendants aver, and the Court concurs, that the physical and mental state of the Decedent at or near the time he executed the beneficiary forms is the crux of the case, and these same Defendants aver that Decedent's medical providers, who would provide evidence of Decedent's mental and physical condition, are all located within the greater Cincinnati area. *Id*. at PageID# 327. The motion further avers that "Defendants Kerri Schmidt, Kelly S. Hesketh, Jeffrey K. Schmidt and Loretta Schmidt all reside in or near Cincinnati Ohio, and within the jurisdiction of the United States District Court, Southern District of Ohio. At present, it is believed the only party/witness with any connection to the Northern District of Ohio is defendant Denise Gawelek, who resides in Brunswick, Ohio." (R. 12, PageID# 328).

This Court ordered any party opposing the Motion to change/transfer venue to do so by September 3, 2025. No party has lodged an objection to the transfer. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Court finds that this action could have been brought in the Southern District of Ohio.

Moreover, given that all but one defendant resides in or near Cincinnati, and given that the potential medical provider fact witnesses all reside in or near Cincinnati, coupled with the lack of any objection by any party, the Court hereby GRANTS Defendants' Motion to Transfer Venue (R. 12), finding that the Southern District of Ohio is a more convenient location for parties and witness. This matter is hereby TRANSFERRED to the United States District Court for the Southern District of Ohio

for all further proceedings.[2] The Court previously cancelled the Case Management Conference scheduled for September 9, 2025.

    IT IS SO ORDERED.

Dated:  September 24, 2025                      s/ *David A. Ruiz*
                                                                      David A. Ruiz
                                                                      United States District Judge

---

[2] Plaintiff's motion to excuse it and its counsel from further proceedings (R. 13) is hereby DENIED without prejudice. Plaintiff may renew its motion in the U.S. District Court for the Southern District of Ohio. Once the Court for the Southern District of Ohio assigns a case number for this action, the Court will arrange for the disposition of the previously deposited interpleader funds.

3